[Cite as *State v. Thomson*, 2013-Ohio-4080.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellee                    :           C.A. CASE NO.     2012 CA 62

v.                                             :           T.C. NO.     12CR480

JOSEPH THOMSON                                 :           (Criminal appeal from
                                                           Common Pleas Court)

    Defendant-Appellant                   :

                                               :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ___20th___ day of ___September___, 2013.

. . . . . . . . . .

LISA M. FANNIN, Atty. Reg. No. 0082337, Assistant Clark County Prosecutor, 50 E. Columbia Street, 4th Floor, P. O. Box 1608, Springfield, Ohio 45501
    Attorney for Plaintiff-Appellee

SEAN J. VALLONE, Atty. Reg. No. 0064053, 5 Irongate Park Drive, Suite A, Centerville, Ohio 45459
    Attorney for Defendant-Appellant

JOSEPH THOMSON, #667532, Ross Correctional Institute, P. O. Box 7010, Chillicothe, Ohio 45601
    Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

**{¶ 1}** Appointed counsel for defendant-appellant Joseph Thomson submitted an appellate brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed. 2d 493 (1967), alleging there were no arguably meritorious issues that existed on appeal. After a thorough review of the record, this Court agrees with the lower court's findings, and we affirm the trial court's judgment. This matter is now before us for our independent review of the record. *Penson v. Ohio,* 488 U.S. 75, 109 S. Ct. 346, 102 L.Ed.2d 300 (1988).

**{¶ 2}** On July 12, 2012, Thomson entered a plea of guilty to a Bill of Information charging him with Involuntary Manslaughter, a violation of R.C.2903.04(A), a felony of the first degree. The underlying felony is Failure to Comply with Order or Signal of Police Officer, in violation of R.C. 2921.331(B)(C)(5)(a)(i). The trial court conducted a thorough Crim. R. 11 dialogue with Thomson, and the transcript reflects that his plea was entered knowingly and voluntarily. On August 14, 2012, a sentencing hearing was held, and Thomson was sentenced to serve eleven years in prison.

**{¶ 3}** Thomson filed a timely notice of appeal with this Court on September 11, 2012. Thomson was informed that his counsel filed an *Anders* brief and of its significance. Thomson was also given the opportunity to file a pro se brief assigning any arguments for our review, but he has not filed a brief with this Court.

**{¶ 4}** Under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, a trial court has discretion to impose a felony sentence. In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court provided appellate courts with a two-step analysis for reviewing felony sentencing. Under this test, an appellate court first considers whether the trial court followed all pertinent rules and statutes when imposing the

sentence in order to find whether the sentence is contrary to law. Next, the reviewing court considers whether the trial court abused its discretion in selecting the sentence with reference to the general principles of felony sentencing and the seriousness and recidivism factors set forth in R.C.2929.11 and 2929.12.

{¶ 5} Pursuant to R.C. 2929.14(A)(1), Thomson's sentence was within the statutory range and thus not contrary to law. Furthermore, in determining Thomson's sentence, the trial court indicated that it considered the purposes and principles of felony sentencing under R.C. 2929.11, and also the seriousness and recidivism factors under R.C.2929.12, finding several that weighed in favor of imposing the maximum sentence. These factors included the death of an innocent 12-year-old child as a result of the offense, Thomson's past adult criminal convictions, and his lack of satisfactory rehabilitation after adjudications of delinquency. The only mitigating factor present was that Thomson showed remorse.

{¶ 6} Pursuant to our responsibilities under *Anders* to conduct an independent review of the entire record, we have concluded, as did appointed appellate counsel, that there are no arguably meritorious issues for appellate review. We conclude that the appeal is wholly frivolous. Accordingly, the judgment of the trial court is affirmed.

. . . . . . . . . .

FAIN, P.J. and HALL, J., concur.

Copies mailed to:

Lisa M. Fannin
Sean J. Vallone
Joseph Thomson
Hon. Richard J. O'Neill